UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Edgar Lopez

Plaintiff,

vs.

THE CITY OF NEW YORK,
SCHOOL SAFETY AGENT ALBINO
SCHOOL SAFETY AGENT JOHN DOE
(Name and number unknown)

Defendants
-------------------------------------------------------------X

**07 CV 11397**

07 Civ.

**COMPLAINT/
JURY DEMAND**



DEC 19 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized unreasonable and excessive force, and unlawfully committed a malicious assault and battery on plaintiff.  Defendants deprived plaintiff of his constitutional and common law rights when they caused the unjustifiable arrest of plaintiff, and unlawfully confined plaintiff.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.    The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and the doctrine of supplemental jurisdiction over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5.    The plaintiff, Edgar Lopez, is eighteen years of age.  The plaintiff is a citizen of the United States, and is and was at all times relevant herein a resident of Bronx, New York.

6.    At all times relevant hereto, School Safety Agent Albino was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such.  Agent Albino is being sued herein in his individual capacity.

7.    At all times relevant hereto, School Safety Agent John Doe was acting in the capacity of agent, servant, and employee of the defendant City, and within the scope of his employment as such.  Agent Doe is being sued herein in his individual capacity.

8.    At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9.    Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

10.    On October 17, 2006, plaintiff [hereinafter "Edgar"] was seventeen years old and resided at 1049 Kelly Street, apartment 2, Bronx, NY 10455.

11.    On October 17, 2006 at approximately 1:27 p.m., Edgar was in Adlai E. Stevenson High School, located  Bronx County, State of New York.

12.    Edgar was a student at Adlai E. Stevenson High School on October 17, 2006, and prior to that date, had never received a superintendent's suspension.

13.    On October 17th, 2006, while walking toward the exit of the school,  Edgar was confronted by two school safety agents.

14.    As Edgar was peacefully exiting the school, Agent Albino approached him from behind, grabbed Edgar's arm, and forcefully swung him around.

15.    SSA Agent Albino pointed toward the exit and instructed Edgar to leave. Edgar attempted to comply as he continued to walk in the direction the SSA was pointing.

16.    School security cameras recorded the interaction between Agent Albino and Edgar as he was leaving the school.

17.    It was alleged at a school suspension hearing that Edgar bumped and shoved SSA Albino during the incident, however this is not reflected anywhere on the video recording.

18.    When Edgar reached the doorway, Agent Albino bumped him in his chest and pushed Edgar into an alcove which was out of view of the cameras.

19.    Once inside the alcove, Agent Albino was joined by several other safety agents, who swarmed into the alcove behind him. Edgar was then struck and scratched in the face without provocation.

20.    Edgar was taken into custody by the agents, handcuffed and taken to the dean's office.

21.    Edgar received numerous scratches and bruising to his head and face and was treated by a physician from New York Foundling.

22.    Edgar was charged at a school suspension hearing with violating school rules for shoving and grabbing Agent Albino. After the suspension hearing, that charge was not sustained. However, Edgar did receive a superintendent's suspension for failing to provide his identification to school officials. Despite that determination, Edgar was immediately reinstated to Adlai Stevenson High School following the suspension hearing.

23. SSA Albino did not testify at the school suspension hearing despite being served with a subpoena.

24.    Edgar was given a desk appearance ticket to appear in Bronx County Criminal Court on docket 2006BX119327 regarding the incident in question.

25.    On August 2, 2007, the Criminal Court matter was dismissed for failure to prosecute.

26.    The use of force on plaintiff by School Safety Agents was unreasonable and far in excess of their lawful authority as employees of the New York City Police Department. Additionally, the arrest of plaintiff was made without reasonable or probable cause.

27.    Plaintiff suffered scratches and lacerations to his face and head as a direct result of the assault by the defendants.  The actions of the defendants also caused the plaintiff pain and suffering .

28.    As a direct and proximate result of this assault, search and unlawful arrest, plaintiff experienced and continues to experience psychological pain, suffering, and mental anguish and other losses.

29.    A notice of claim was timely served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION

### 42U.S.C. § 1983 – Excessive Force

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31.    By reason of the foregoing, by punching, scratching and assaulting plaintiff, the defendants used unreasonable and excessive force against plaintiff and/or failed to prevent other officers from doing so, and thereby deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

32.    The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD School Safety Agents.

33.    The defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

34.    The defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

35.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### 42U.S.C. § 1983 – False Arrest

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37.    By falsely arresting plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so,

the defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

38.    Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment with the NYPD.

39.    Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

40.    Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

41.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

### THIRD CAUSE OF ACTION

#### Assault

42.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43.    The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s)

caused apprehension of such contact in the plaintiff.

44.     By reason of the foregoing, and by striking and scratching plaintiff in the face, the defendants committed the tort of assault and/or failed to prevent other officers from doing so.

45.     The assault and battery by the defendants was unnecessary and unwarranted in the performance of their duties as NYPD agents and constituted an unreasonable use of force.

46.     Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD agents.

47.     Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

48.     Defendants, their officers, agents, servants, and employees were responsible for the assault on the plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

49.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION

### Battery

50.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51.     The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, or failed to prevent other officers from doing so, in that they had the real or apparent ability to cause imminent harmful and/or

offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

52.    By reason of the foregoing, and by striking and scratching plaintiff in the face, defendants committed the tort of battery and/or failed to prevent other officers from doing so.

53.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

54.    Defendants, their officers, agents, servants, and employees were responsible for the battery of the plaintiff. Defendant City, as employer of each of the defendant agents, is responsible for their wrongdoing under the doctrine of respondeat superior.

55.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## FIFTH CAUSE OF ACTION

### False Arrest

56.    Plaintiff repeats and realleges paragraphs 1 through 56 as if the same were fully set forth at length herein.

57.    The Officer Defendants wrongfully and illegally arrested and imprisoned plaintiff and/or failed to prevent other officers from doing so.

58.    The wrongful, unjustifiable and unlawful arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable cause.

59.    The Officer Defendants further falsely arrested and imprisoned plaintiff when they

held him in custody for an extended and unreasonable period of time after.

60.    At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning plaintiff.

61.    At all relevant times, plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of his liberty, and imprisoned.

62.    At all times mentioned, the unlawful, wrongful, and false imprisonment of plaintiff was without right and without cause.

63.    All of the foregoing occurred without any fault or provocation on the part of plaintiff.

64.    Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest and imprisonment during this period of time.

65.    The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, and are guilty of egregious and gross misconduct towards plaintiff.

66.    Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their wrongdoing under the doctrine of respondeat superior.

67.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

68.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SIXTH CAUSE OF ACTION
## Municipal Liability Claim Against the City of New York
## For Failure to Properly Hire, Train, Supervise and Discipline Employees

69.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

70.     Individual Defendants' use of excessive force, unlawful arrest, and detention without probable cause comprised a violation of plaintiff's civil right to be free of such actions under the Fourth Amendment to the Constitution.

71.     Individual Defendants' use of excessive force, unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of defendant, the City of New York through the New York City Police Department.

72.     Upon information and belief, Defendant City of New York failed to discipline Agent Albino or Doe for their use of excessive force against plaintiff.

73.     Upon information and belief, Defendant City of New York failed to discipline Officer Defendants for the unlawful seizure and confinement of plaintiff.

74.     Under this custom, usage, practice or policy, The City of New York:

    (a)     encouraged and/or condoned the use of excessive force, unlawful arrest and detention without probable cause;

    (b)     encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause and falsely accusing and arresting individuals;

( c )    failed to adequately screen applicants to the New York City Police Department;

( c )    failed to investigate, or punish the excessive use of force, false arrest and unlawful detentions by the New York City Police Department;

(d)    failed to provide adequate training to its New York City Police Department regarding the use of force with children, the constitutional limits of force with children, the proper use of weapons including handcuffs and the proper method of detaining and arresting children.

## JURY DEMAND

75.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Agent Albino, Agent John Doe and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

a.    That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

b. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED:      December 7, 2007
            New York, New York


RICHARD P. REYES, ESQ. (RR 8457)
BARNUM & REYES, P.C.
145 Hudson St, Suite 5C
New York, New York 10013

(212) 966-3761