


MICHAEL A. CARDOZO
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JESSICA T. COHEN
*Assistant Corporation Counsel*
jecohen@law.nyc.gov
(212) 788-1895
(212) 788-9776 (fax)

January 24, 2008

**BY HAND DELIVERY**
The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08
```

Re: Edgar Lopez v. City of New York, et al.,
    07 CV 11397 (RJH)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above referenced matter. I write to respectfully request an enlargement of time from the January 28, 2008, until March 28, 2008, to answer or otherwise respond to plaintiff's complaint on behalf of defendant City of New York. This is defendant's first request for an enlargement of time to respond to plaintiff's complaint. Plaintiff's counsel, Richard Reyes, Esq., consents to this request.

In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff appears to be alleging that, on October 17, 2006, at approximately 1:27 p.m., he was walking towards the exit of the Adlai E. Stevenson High School, when he was confronted by two safety school agents. Specifically, plaintiff alleges that he was approached from behind, swung around, and instructed to exit the school. Plaintiff further maintains that he was "struck and scratched in the face without provocation," and subsequently "taken into custody by the agents, handcuffed, and taken to the dean's office." As a result, plaintiff claims he "received numerous scratches and bruising to his head and face," and was subjected to a school suspension hearing. According to plaintiff's complaint, he received a superintendent's suspension for "failing to provide his identification to school officials," but was ultimately reinstated following the hearing. In addition, plaintiff alleges he was given a desk appearance ticket in connection with the alleged incident, but the charges against him were ultimately dismissed on August 2, 2007. As a result, plaintiff alleges to have sustained ""pain and suffering," as well as "psychological plain, suffering, and mental anguish and other losses."

Accordingly, it is necessary for defendant to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from plaintiff's underlying criminal prosecution, including the criminal court file, the District Attorney's file, and even our own police records. In addition, to the extent plaintiff is claiming injuries resulting from the alleged incident, this office is also in the process of forwarding a HIPAA compliant medical release to plaintiff for his execution so that we may access his relevant medical records. Without securing the underlying records, defendant cannot properly assess the case or intelligently respond to the complaint.

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended to March 28, 2008. Thank you for your consideration of this request.

*Application Granted.*
*The initial conference scheduled*
*on March 14, 2008 is adjourned*
*to April 11, 2008 at 11:00 AM*

*SO ORDERED*

Respectfully submitted,

Jessica T. Cohen (JC 0044)
Assistant Corporation Counsel

*[signature]*
*USDJ*
*2/1/08*

cc:   Richard Reyes, Esq. (by first-class mail)
      Attorney for Plaintiff
      145 Hudson Street, Suite 5C
      New York, New York 10013