UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

EDGAR LOPEZ,

                               Plaintiff,

                -against-

THE CITY OF NEW YORK, SCHOOL SAFETY AGENT
ALBINO, SCHOOL SAFETY AGENT JOHN DOE,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

**07 CV 11397 (RJH)**

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

        1.       Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.       Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.       Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.       Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, "School Safety Agency Albino" has not yet been served with process in this action.

6.    Defendant states that the allegations set forth in paragraph "6" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

7.    Defendant states that the allegations set forth in paragraph "7" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

8.    Defendant states that the allegations set forth in paragraph "8" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

9.    Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, that it maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full description of the City's functions and duties.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.    Admits the allegations set forth in paragraph "11" of the complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.    Denies the allegations set forth in paragraph "14" of the complaint, except denies that the charges were "false."

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits that there was a school suspension hearing.

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    Denies the allegations set forth in paragraph "19" of the complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff was taken to the dean's office.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about December 20, 2006, and that the purported claim has not yet been adjusted or settled.

30.    In response to the allegations set forth in paragraph "30" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "29" of this answer as if fully set forth herein.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Defendant states that the allegations set forth in paragraph "32" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Defendant states that the allegations set forth in paragraph "38" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

- 4 -

39.     Denies the allegations set forth in paragraph "39" of the complaint.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint.

42.     In response to the allegations set forth in paragraph "42" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "41" of this answer as if fully set forth herein.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Defendant states that the allegations set forth in paragraph "46" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     In response to the allegations set forth in paragraph "50" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "49" of this answer as if fully set forth herein.

51.     Denies the allegations set forth in paragraph "51" of the complaint.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Defendant states that the allegations set forth in paragraph "53" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

54.    Defendant states that the allegations set forth in paragraph "54" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

55.    Denies the allegations set forth in paragraph "55" of the complaint.

56.    In response to the allegations set forth in paragraph "56" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "55" of this answer as if fully set forth herein.

57.    Denies the allegations set forth in paragraph "57" of the complaint.

58.    Denies the allegations set forth in paragraph "58" of the complaint.

59.    Denies the allegations set forth in paragraph "59" of the complaint.

60.    Denies the allegations set forth in paragraph "60" of the complaint.

61.    Denies the allegations set forth in paragraph "61" of the complaint.

62.    Denies the allegations set forth in paragraph "62" of the complaint.

63.    Denies the allegations set forth in paragraph "63" of the complaint.

64.    Denies the allegations set forth in paragraph "64" of the complaint.

65.    Denies the allegations set forth in paragraph "65" of the complaint.

66.    Defendant states that the allegations set forth in paragraph "66" of the complaint are conclusions of law, not averments of fact, and accordingly, no response is required.

67.    Denies the allegations set forth in paragraph "67" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

68.    Denies the allegations set forth in paragraph "68" of the complaint.

69.    In response to the allegations set forth in paragraph "69" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "68" of this answer as if fully set forth herein.

70.    Denies the allegations set forth in paragraph "70" of the complaint.

71.    Denies the allegations set forth in paragraph "71" of the complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74.    Denies the allegations set forth in paragraph "74" of the complaint, including all subparts thereto.

75.    Defendant states that the allegations set forth in paragraph "75" of the complaint are not averments of fact.  Accordingly, no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

76.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

77.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

78.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

- 7 -

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80.    This action may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

81.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50-(e) and (i).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

82.    There was probable cause for plaintiff's arrest, detention, and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

83.    Plaintiff may not recover punitive damages from defendant City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

84.    To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

85.    Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

86.    Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel.*

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

87.    Plaintiff provoked any incident.


**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          March 28, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-208
                              New York, New York 10007
                              (212) 788-1895

                        By:    _____
                              Jessica T. Cohen (JC 0044)
                              Assistant Corporation Counsel


To:    Richard Reyes, Esq. (by ECF)
       Attorney for Plaintiff

- 9 -

Docket No. 07 Civ. 11397 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR LOPEZ,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, SCHOOL SAFETY
AGENT ALBINO, SCHOOL SAFETY AGENT
JOHN DOE,

                                        Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Jessica T. Cohen*
*Tel:  (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................,2008*

*................................................................... Esq.*

*Attorney for ...........................................................*

- 10 -