UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDGAR LOPEZ,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, SCHOOL SAFETY AGENT
ALBINO, SCHOOL SAFETY AGENT JOHN DOE,

                            Defendants.

------------------------------------------------------------------ x

**SCHEDULING ORDER
PURSUANT TO RULE 26(F)**

07 CV 11397 (RJH)

Jury Trial Demanded

RECEIVED APR 9 2008 CHAMBERS OF RICHARD J. HOLWELL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/08

       Pursuant to the Court's January 4, 2008 order, and prior to the Initial Pre Trial Conference scheduled for April 11, 2008 at 11:00 a.m., the parties have conferred and agreed on the following discovery plan pursuant to Rule 26(f):

1.      Counsel

          Attorneys for Plaintiffs

          Richard P. Reyes, Esq.
          Barnum & Reyes, P.C.
          145 Hudson Street, 5C
          New York, New York 10013
          Phone: (212) 966-3761
          Fax: (212) 307-0187

          Attorneys for Defendant City of New York

          Jessica T. Cohen
          New York City Law Department
          Office of the Corporation Counsel
          100 Church Street
          New York, NY 10007
          Phone: (212) 788-1895
          Fax:   (212) 788-9776

2.      Basis for Jurisdiction

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.

3. Description of the Case

   Plaintiffs' Version of Events

   Plaintiff submits that while exiting his school, he was approached by School Safety Agent Albino who proceeded to forcefully grab his arm and turn him around. SSA Albino then ordered Plaintiff to exit the building. As Plaintiff proceeded again towards the door, SSA Albino bumped and pushed him into an alcove. While in the alcove, Plaintiff was struck and scratched by several School Safety Agents, and sustained bruises and scratches to his head and face. Plaintiff was subsequently handcuffed and detained. The incident was recorded on videotape, however, the interaction in the alcove was outside the range of the camera.

   Plaintiff's claims are false arrest under 42 U.S.C. § 1983, excessive force under 42 U.S.C. § 1983, assault, battery, and Municipal Liability against the City of New York.

   Defendant City of New York's Version of Events[1]

   The City of New York submits that the school safety agents requested identification from plaintiff as he was attempting to exit the school. Plaintiff refused and became combative. At that time, he was escorted to the dean's office and disciplinary action was taken against him in the form of suspension hearings.

4. Relief Sought

   Compensatory and punitive damages against the individual defendants, jointly and severally, together with interest and costs.

5. Defenses (stated without prejudice to any other defense that may be available after discovery)

   The complaint fails to state a claim upon which relief can be granted;

   Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof;

   Defendant City of New York is entitled to governmental immunity from liability;

---

[1] Upon information and belief, "SSA Albino" has not yet been served with process in this action.

- 2 -

Plaintiff cannot establish any policy or practice that caused the alleged constitutional deprivation;

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant City of New York;

There was probable cause for plaintiff's arrest, detention, and prosecution;

Plaintiff may not recover punitive damages from defendant City of New York;

To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions; and,

Plaintiff may have failed to comply with the conditions precedent to suit.

6. Contemplated Motions

Defendant City of New York respectfully reserves the right to move for summary judgment at the close of discovery.

7. Joinder of Parties and Amendments to Pleadings

Except for good cause shown, no additional parties may be joined, no additional causes of action may be asserted after June 11, 2008.

8. Interrogatories and Initial Disclosures

Interrogatories, requests for production of documents, and initial disclosures pursuant to Rule 26(a)(1) shall be served on or before April 25, 2008.

9. Fact Discovery

All factual discovery shall be completed on or before October 11, 2008.

10. Expert Discovery

If plaintiff seeks to introduce expert testimony in its case-in-chief plaintiff shall identify each expert by name and field of expertise no later than September 11, 2008;

If defendant seeks to introduce expert testimony in its case-in-chief defendant shall identify each expert by name and field of expertise no later than October 11, 2008;

- 3 -

All expert discovery is to be completed no later than November 1, 2008.

11. Dispositive Motions

Except for good cause shown, no pre-trial motions shall be filed after December 1, 2008.

12. Final Pre-trial Order

A completed joint pre-trial order shall be submitted by December 15, 2008.

13. Demand for Jury Trial

Plaintiff and defendant have made a demand for a jury trial.

14. Anticipated Length of Trial

The parties anticipate this trial to last approximately 5 days.

15. Referral To Magistrate Judge

At this time, the parties do not consent to trial of this case by a magistrate judge.

16.  Settlement Discussions

   Plaintiff has not yet presented a demand. However, defendant intends to assess plaintiff's demand and, subject to the receipt of all relevant documents, respond expeditiously to plaintiff with a counter offer.

Dated:    New York, New York
          April 8, 2008

Richard Reyes, Esq.                         MICHAEL A. CARDOZO
Barnum & Reyes, P.C.                        Corporation Counsel of the City of New York
Attorneys for Plaintiff                     Attorney for Defendant, City of New York
350 Broadway, Suite 701                     100 Church Street, Room 3-208
New York, New York 10013                    New York, New York 10007

By: _____             By: _____
    Richard Reyes, Esq. (RR 8457)               Jessica T. Cohen (JC 0044)
                                                Assistant Corporation Counsel

A status conference shall be held on 10/17/08 at 10:30

SO ORDERED:
_____
Richard J. Holwell
United States District Court Judge

4/14/08